UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN W. CROMEANS, JR., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MORGAN KEEGAN & COMPANY, INC., | ) ) |
| Defendant/Third-Party Plaintiff, | ) No. 4:14-mc-00274-JAR ) |
| v. | ) ) |
| PELLEGRINO & ASSOCIATES, LLC, et al., | ) ) ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This miscellaneous matter is before the Court on Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc.'s Amended Motions to Compel Production From Cunningham, Vogel & Rost, P.C. and for Expedited Relief[1] (Doc. Nos. 12, 5) and Non-Party Witness Cunningham, Vogel & Rost, P.C.'s Motions to Quash Deposition Subpoena. (Doc. Nos. 6, 8)

**Background**

The above-captioned federal action, *Cromeans v. Morgan Keegan & Company, Inc., et al.*, No. 2:12-CV-04269-NKL, is currently pending in the United States District Court for the Western District of Missouri and concerns a 2010 municipal bond offering to finance an artificial sweetener plant in Moberly, Missouri to be built and operated by a company called Mamtek

---

[1] Morgan Keegan sought an expedited ruling in light of the May 30 discovery deadline in the underlying Western District action. The parties indicated to the Court during the June 10 telephone conference that the discovery deadline was extended to June 30, 2014. Thus, the motion for expedited relief will be denied as moot.

International. Plaintiff, on behalf of the bondholders, filed a putative class action in state court against Morgan Keegan, the underwriter and direct seller of the bonds, and its counsel Armstrong Teasdale, alleging claims for negligent underwriting, negligent misrepresentation and omissions, fraudulent misrepresentation and omissions, and violations of Missouri Blue Sky laws, Mo. Rev. Stat. § 409.1-101 *et seq.* Defendants removed the case to the Western District of Missouri. Morgan Keegan filed a third-party complaint against Cunningham, Vogel and Rost, P.C. ("CVR"), a local law firm that served as Special Public Finance/Redevelopment Counsel to the City of Moberly. While a third-party defendant in the underlying Western District case, CVR objected to discovery requests propounded by Morgan Keegan in December 2013 and February 2014. On April 28, 2014, Western District Judge Nanette Laughrey ruled on CVR's objections and ordered CVR to produce all responsive discovery not protected by attorney-client privilege as well as a privilege log for all protected materials within twenty days.[2] (Doc. No. 12-1) This ruling was to apply to all discovery, including depositions. (Id.) On May 13, 2014, prior to the time allowed to comply with Judge Laughrey's order, CVR was dismissed from the action.

That same day, May 13, Morgan Keegan served CVR with a subpoena to produce the documents requested in discovery on May 20, 2014 at the offices of Stinson Leonard Street in St. Louis, Missouri. (Doc. No. 12-3) CVR objected to the subpoena, citing the same objections that were previously overruled by Judge Laughrey. (Doc. No. 12-4) Also on May 13, 2014, Morgan Keegan served a deposition subpoena on CVR for a corporate representative deposition on May 28, 2014. (Doc. No. 6-1) CVR moved to quash the subpoena for failure to describe the matters for examination and failure to tender the fees required by Rule 45(b)(1). A second deposition subpoena was served on CVR on May 28, 2014 for a May 30, 2014 deposition. (Doc. No. 8-1)

---

[2] In addition, Judge Laughrey overruled CVR's objections based on Missouri ethical rule 4-1.6. (Id.)

Again, CVR moved to quash on the grounds that the subpoena failed to allow a reasonable time for compliance and did not describe with particularity the topics for examination.

**Discussion**

After careful consideration and analysis, the Court agrees with Judge Laughrey and finds, consistent with her prior order, that the discovery sought by Morgan Keegan regarding the work performed by CVR in connection with the Moberly bonds and the artificial sweetener plant are relevant and not overly broad or unduly burdensome. In fact, during a telephone conference with counsel on June 10, 2014, counsel for CVR indicated that it had already made efforts to comply with the Court's order by producing over 20,000 pages of documents responsive to Morgan Keegan's requests. It is also the Court's understanding, based on its discussions with counsel during the telephone conference, that as to certain issues regarding compliance with the subpoena, counsel had reached an agreement as to the format of the production as well as payment of the reasonable costs of production. The Court will grant Morgan Keegan's motion to compel production, but the Court will not enter sanctions at this time.

With regard to CVR's motions to quash depositions, the Court finds, consistent with Judge Laughrey's prior order, that the topics for examination, namely the Moberly bonds and CVR's work in connection with those bonds, are appropriate and relevant to the issues in dispute. The Court acknowledges CVR is a non-party and that attempts to depose a party's attorney calls for special scrutiny. See State ex rel. Chaney v. Franklin, 941 S.W.2d 790, 793 (Mo.Ct.App. 1997). However, Judge Laughrey was clear that her ruling applied to depositions also. For the reasons previously stated, this Court agrees and the motions to quash will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant/Third-Party Plaintiff Morgan Keegan &

Company, Inc.'s Amended Motion to Compel Production From Cunningham, Vogel & Rost, P.C. and for Sanctions [12] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc.'s Amended Motion for Expedited Relief [5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Non-Party Witness Cunningham, Vogel & Rost, P.C.'s Motions to Quash Deposition Subpoena [6, 8] are **DENIED**.

**IT IS FINALLY ORDERED** that Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc.'s Motion to Compel Production From Cunningham, Vogel & Rost, P.C. and for Sanctions [1] and Motion for Expedited Relief [2] are **DENIED** as moot.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of June, 2014.