# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN W. CROMEANS, JR., individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN KEEGAN & COMPANY, INC., )<br>)<br>Defendant/Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>PELLEGRINO & ASSOCIATES, LLC, )<br>et al., )<br>)<br>Third-Party Defendants. ) | No. 4:14-mc-00274-JAR |

## MEMORANDUM AND ORDER

This miscellaneous matter is before the Court on Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc. (Morgan Keegan)'s Motion to Compel Production from Cunningham, Vogel and Rost, P.C. (CVR) and for Sanctions. (Doc. No. 15) On July 7, 2014, non-party witness CVR produced a partial privilege log numbering 46 pages listing some of the documents it withheld from production to Morgan Keegan on the basis of attorney-client privilege and the work product doctrine. (Doc. No. 15-1) On August 5, 2014, CVR produced a 67-page revised privilege log (Doc. No. 20-3) and a 7-page second supplemental privilege log. (Doc. No. 20-4) CVR's combined privilege logs contain hundreds of entries which are insufficient for the Court to make a determination of CVR's privilege claims. Given the sheer volume of documents to be reviewed, and the parties' inability to resolve their issues regarding CVR's privilege log, the Court has determined it necessary to appoint a Special Master in this case to complete an *in*

*camera* review of the documents identified in said privilege log.

Pursuant to Federal Rule of Civil Procedure 53(b)(1), the Court gave the parties notice and opportunity to file any objections or suggestions with regard to the appointment of a Special Master. (Doc. No. 22) On August 8, 2014, CVR filed its Objections and Suggestions Regarding Appointment of Special Master (Doc. No. 23) and Morgan Keegan filed its Suggestions Regarding the Appointment of a Special Master. (Doc. No. 24)

After consideration, the Court has asked Michael W. Flynn of the firm Kilo and Flynn to take the assignment of Special Master in this case. Mr. Flynn has provided the Court with the affidavit required by Federal Rule of Civil Procedure 53(b)(3)(A), stating that there is no grounds for his disqualification as Special Master under 28 U.S.C. § 455.

Accordingly,

**IT IS HEREBY ORDERED** that Michael W. Flynn is appointed as Special Master to complete an *in camera* review of the documents identified in Cunningham, Vogel & Rost, P.C.'s privilege log and prepare a report and recommendation to the Court on the disposition of Morgan Keegan's motion to compel and for such other purposes as the Court deems necessary.

Mr. Flynn shall proceed with all reasonable diligence in his position as Special Master. In the execution of this reference the Special Master shall possess and may exercise, to the extent permitted by law, Federal Rule of Civil Procedure 53, and the United States Constitution, all powers to make such orders as may be necessary and appropriate to fulfill the duties assigned to the Special Master under this Memorandum and Order, subject to review by the Court.

The parties and their counsel shall provide the Special Master with their full cooperation, including making available to the Special Master any files, databases, documents or pleadings necessary to fulfill his function.

The Special Master may communicate *ex parte* with the Court on any matter. He may communicate *ex parte* with the parties to discuss the merits of a particular dispute, for the purpose of resolving that dispute, but only with the prior permission of the opposing counsel involved.

The Special Master shall report to the Court on all matters within his jurisdiction within sixty (60) days of the date of this Memorandum and Order or upon such other schedule as the Special Master requires and serve a copy of his report on each party consistent with Fed.R.Civ.P. 53.

Any party may object to any order or report issued by the Special Master by filing a written objection with the Court within seven (7) days of the issuance of such order or report. Any response to such objection must be in writing and filed within seven (7) days of the filing of the objection. The report of the Special Master will be reviewed by the Court consistent with Fed.R.Civ.P. 53. Failure to file a timely objection may waive the right to object.

This referral to the Special Master is limited to the duties specified herein unless the Court shall expand the duties. This reference shall terminate upon the submission by the Special Master of his Final Report, unless extended by further order of the Court.

The Special Master shall receive compensation for his services herein at the hourly rate of $350.00. The Special Master's fees and other costs incurred by the Special Master in connection with this reference shall be paid by Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc.; however those fees and costs are subject to reallocation by the Court or by Judge Nanette Laughrey, the District Judge assigned the underlying case.

The Special Master shall maintain his billing records of time spent on this matter, documents received from the parties, and copies of his orders and reports.

The Clerk of Court shall provide Special Master Flynn with complete access to the electronic court file without charge.

This Memorandum and Order is subject to amendment by the Court *sua sponte,* upon application of the parties, or upon application of the Special Master. Jurisdiction of this action is retained by the Court.

Mr. Flynn's contact information is: Michael W. Flynn, Kilo and Flynn, 5840 Oakland Avenue, St. Louis, Missouri 63110, (314) 647-8910.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2014.