UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN W. CROMEANS, JR., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MORGAN KEEGAN & COMPANY, INC., | ) ) |
| Defendant/Third-Party Plaintiff, | ) No. 4:14-mc-00274-JAR |
| v. | ) ) |
| PELLEGRINO & ASSOCIATES, LLC, et al., | ) ) ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This miscellaneous matter is before the Court on Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc. (Morgan Keegan)'s Motion to Compel Production from Cunningham, Vogel and Rost, P.C. (CVR) and for Sanctions. (Doc. No. 15) CVR withheld a number of documents from production based on attorney-client privilege and the work product doctrine. Given the sheer volume of documents involved and the parties' inability to resolve their issues, this Court appointed Michael W. Flynn of the firm Kilo and Flynn as Special Master to complete an *in camera* review of the documents identified in CVR's privilege logs and prepare a report and recommendation to the Court on the disposition of Morgan Keegan's motion to compel. (Doc. No. 26) On October 23, 2014, the Special Master filed his Report recommending that Morgan Keegan's motion to compel be sustained in part and denied in part. (Doc. No. 27) On November 21, 2014, the Special Master filed his Supplemental Report with a general

statement of the law applied in reaching his conclusions regarding the protected status of the documents listed on CVR's privilege logs. (Doc. No. 38)

The Court has reviewed the Report and Supplemental Report and Recommendation of Special Master Flynn and the parties' responses and objections thereto. The Special Master examined each and every document identified in CVR's privilege logs. The Special Master has set forth the law that formed the basis of his conclusions and the Court finds this is a proper statement of the law. The Court agrees with the findings of the Special Master that:

- all communications between CVR and the Moberly Area Economic Development Corporation (MAEDC), the Moberly Industrial Development Authority (IDA), and/or the City of Moberly are protected;
- documents forwarded through any email chain which included third-parties are not protected; and
- all communications involving paralegals and legal assistants of CVR which were conducted in the furtherance of the CVR attorneys' counsel to MAEDC, IDA, or the City of Moberly, are protected, except in those cases where unnecessary third parties (e.g., Mamtek personnel), were included.

The Court further finds the Special Master properly protected all work product that fit within the ordinary work product and opinion work product categories as set forth by applicable federal law. See Baker v. General Motors Corp., 209 F.3d 1051 (8th Cir. 2000). The Court will, therefore, adopt the Special Master's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report of Special Master [27] and Supplemental Report of Special Master and Findings of Law as Applied by Special Master [38] are

**SUSTAINED, ADOPTED AND INCORPORATED HEREIN**.

**IT IS FURTHER ORDERED** that Defendant/Third-Party Plaintiff Morgan Keegan & Company, Inc. (Morgan Keegan)'s Motion to Compel Production from Cunningham, Vogel and Rost, P.C. (CVR) and for Sanctions [15] is **GRANTED** in part and **DENIED** in part consistent with the rulings and recommendations of the Special Master as contained in Exhibits A and B to the Report and incorporated by reference herein. (Doc. Nos. 27-1, -2)

**IT IS FINALLY ORDERED** that the Special Master is directed to submit his statement of fees and costs incurred in connection with this matter to the Court within ten (10) days of the date of this Order.

Dated this 22nd day of December, 2014.

 _____
 **JOHN A. ROSS**
 **UNITED STATES DISTRICT JUDGE**